**August Jacobs, Defendant in Error, v. Henry T. Jurgensen and John F. Jurgensen, Plaintiffs in Error.**

**Gen. No. 22,258.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed July 11, 1917.

### Statement of the Case.

Action by August Jacobs, plaintiff, against Henry T. Jurgensen and John F. Jurgensen, defendants, to recover on a lease of premises occupied by the Jurgensen Tea Company. From a judgment for plaintiff for $765, defendants bring error.

The lease recited that the indenture was made "between August Jacobs, party of the first part, and Jurgensen Tea Company, party of the second part." The lease referred to the party of the second part in the plural and was signed, "Jurgensen Tea Co., John F. Jurgensen, (Seal) H. T. Jurgensen, (Seal)."

JAMES R. GLASS and JOHN C. TRAINOR, for plaintiffs in error.

ISAIAH CAMPBELL, for defendant in error.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

Jacobs v. Jurgensen et al., 207 Ill. App. 179.

## Abstract of the Decision.

1. PARTNERSHIP, § 52*—*when evidence is sufficient to show.* In an action for rent under a lease, where it appeared that the lease was signed by a certain company and by the defendants and there was nothing on the face of the lease to indicate whether it was a corporation or partnership obligation; that defendants had permitted the forfeiture of the charter of the corporation before the execution of the lease; that the defense that the obligation was a corporate obligation was not raised until two successive affidavits of merits on other grounds had been overruled; that one of the defendants, who was defendant in a prior ejectment action by plaintiff, prosecuted an appeal to the Appellate Court without claiming that he was not a lessee, and that the evidence was conflicting as to whether defendants claimed that they were doing a partnership business at the time of the execution of the lease, evidence *held* sufficient to show that the lease was a partnership obligation.

2. CORPORATIONS, § 368*—*what evidence is inadmissible to show corporate liability on lease.* In an action for rent under a lease, in which the issue was whether defendants signed the lease as members of a partnership or as officers of a corporation, evidence that defendants put up a sign after the execution of the lease with the words of the company name under which they did business, *held* inadmissible, where the concern, whether a partnership or corporation, was admittedly doing business under such name.

3. CORPORATIONS, § 368*—*when checks and condition of bank account are not admissible to show corporate liability on lease.* In an action to recover rent under a lease, in which the issue was whether defendants signed the lease as members of a partnership or as officers of a corporation, evidence as to the manner in which checks were drawn and the bank account was kept several years subsequent to the signing of the lease, *held* inadmissible.

4. CORPORATIONS, § 368*—*when evidence that defendants intended to attach their names to lease as officers is properly excluded.* In an action to recover rent under a lease, in which defendants contended that they signed the lease as officers of a corporation and not as members of a partnership, evidence that defendants intended to attach their names to the lease as officers of the corporation *held* properly excluded where defendants had already testified that the company was a corporation and that they so advised the lessor before the lease was signed.

5. APPEAL AND ERROR, § 1491*—*when exclusion of evidence is harmless error.* In an action to recover rent under a lease, in which defendants contended that they signed the lease as officers

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of a corporation and not as members of a partnership, the exclusion of evidence that one of the defendants was president of the company was harmless error, where it appeared that he was an officer of the company and that defendants were in active and exclusive control of the concern, whether a corporation or a partnership.